

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2004

# Mei Ping Ie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mei Ping Ie v. Atty Gen USA" (2004). *2004 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4288

MEI PING IE,
Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A79-309-103)

Submitted Under Third Circuit LAR 34.1(a)
November 29, 2004

Before: RENDELL, ALDISERT and MAGILL*, Circuit Judges.

(Filed: December 10, 2004)

OPINION OF THE COURT

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

RENDELL, Circuit Judge.

Ming Ping Ie[1] ("Ie") petitioned this Court for review of the Attorney General's denial of her claims for asylum and relief from removal. We have jurisdiction under 8 U.S.C. § 1252(a). For the reasons stated below, we will deny the petition for review.

## I.

Ie, a native and citizen of Indonesia, entered the United States as a non-immigrant visitor with authorization to remain in the country until March 16, 2001. Respondent's Br. at 2. When she remained beyond that time, she was placed in removal proceedings. She conceded removability, but claimed eligibility for asylum and requested withholding of removal as well as relief under the United Nations Convention Against Torture ("CAT") because of persecution in her home country on account of her Chinese ethnicity and Catholic religious beliefs.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. In her application for asylum and at a hearing before the Immigration Judge ("IJ"), Ie described multiple incidents which, she alleged, were evidence of harassment as a result of her ethnicity and religious beliefs. These incidents included being bullied as a child by other school children, robberies by persons she believed to be ethnic Indonesian Muslims, and the destruction of her home and business

---

[1]   Ming Ping Ie's son, Rikie Tjahjadi, is also a part of Ms. Ie's petition for asylum and withholding of removal, however, his claims are derivative of Ms. Ie's. 8 U.S.C. § 1158(b)(3)(A).

during widespread riots in Jakarta in May 1998.

The IJ found that Ie failed to establish her eligibility for asylum on the grounds that there was no basis to conclude that Ie had suffered past persecution in her home country or that she will suffer future persecution on the basis of her ethnicity or religion. Id. at 19. The IJ also held that Ie failed to demonstrate that she was under a discernable threat of torture should she return to Indonesia and, therefore, failed to establish eligibility for relief under the CAT. Id. at 19-20. The IJ's order denying Ie's application for asylum and withholding of removal to Indonesia and denying her relief under the CAT was affirmed without opinion by the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.1(e)(4). Id. at 2. Ie then filed a petition for review with this Court alleging that the IJ's assessment of her claims of past persecution and her fear of future persecution was not based on substantial evidence in the record.

II.

Where, as here, the BIA defers to the IJ's opinion and affirms without opinion, we review the IJ's decision to address substantive challenges. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). Whether an applicant for asylum has demonstrated past persecution, or a well-founded fear of future persecution, is a factual question which we review under the substantial evidence standard. Id. at 272. We will uphold the IJ's decision if her conclusions are supported by "'reasonable, substantial and probative evidence on the record considered as a whole'" and will reverse "'only if there is

3

evidence so compelling that no reasonable factfinder could conclude as the [IJ] did.'" Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003) (quoting Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003)).

## III.

To qualify for a grant of asylum, Ie must prove that she meets the statutory definition of a refugee, i.e., that she is an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, Ie must show that, if deported, there is a "clear probability" that she will be persecuted on account of a specified ground, in this case ethnicity or religion, if returned to Indonesia. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). This standard requires a showing that "it is more likely than not that the alien would be subject to persecution" upon return to the alien's home country. INS v. Stevic, 467 U.S. 407, 424 (1984).

## IV.

The IJ found that none of the incidents reported by Ie rose to the level of persecution required for a grant of asylum. While Ie testified to incidents of alleged discrimination from her childhood to adulthood, she failed to establish that these incidents were motivated by animus towards her ethnicity or religion. In each of her confrontations with ethnic Indonesians, her assailants apparently demanded money or possessions, and

4

every incident concluded without physical violence to Ie.  Id.  The IJ interpreted these incidents as street crimes that "could happen anywhere in the world because a person wanted something that was possessed by someone else," rather than evidence of ethnic or religious persecution.  Id. at 18.

Regarding the 1998 riots in Jakarta which reportedly destroyed Ie's home and shop, Ie was not in the city when the riots occurred and was never in immediate physical danger.  Id. at 17.  While Ie testified she did not rebuild after the riots for fear of a recurrence, she did remain in the country, without similar incident, for two years before leaving Indonesia for the United States.  Since the 1998 riots, there have been favorable changes in Indonesia directed at improving religious and ethnic tolerance.  Id. at 71-73.  These changes included the repeal on government prohibitions on teaching the Chinese language and celebration of the Chinese New Year as well as a decrease in racially motivated attacks in Indonesia.  Id.  Ie also has an adult son who still lives in Jakarta.  Id. at 74-75, 87-88 & 91.  He is of ethnic Chinese descent and a Catholic, like Ie, but he continues to reside in Indonesia apparently without any problems or indication that he wishes to flee the country for fear of ethnic or religious persecution.  Id.

Based on the evidence presented, the IJ concluded that Ie failed to demonstrate past persecution on the basis of her ethnicity or religious beliefs and was not entitled to a presumption of future persecution.  See Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir. 2003).  Without such a presumption, Ie must present evidence to establish a

5

"well-founded fear of future persecution" by showing "that she has a genuine fear, and that a reasonable person in her circumstances would fear persecution if returned to her native country." Gao, 299 F.3d at 272. This subjective fear of future persecution must be "supported by objective evidence that persecution is a reasonable possibility." Chang v. INS, 119 F.3d 1055, 1066 (3d Cir. 1997). The IJ found that Ie failed to present objective evidence to establish a reasonable fear of future persecution on the basis of her ethnicity or religion, and failed to establish her eligibility for a grant of asylum.

The standard for eligibility for withholding of removal is more exacting than that for asylum. Zubeda, 333 F.3d at 469-70. Having failed to establish a well-founded fear of persecution required for a grant of asylum, by definition, Ie has also failed to establish the clear probability of persecution required for withholding of removal. Id.

V.

There is substantial evidence to support the IJ's denial of Ie's application for asylum and withholding of removal. For the foregoing reasons, we will DENY the petition for review of the decision of the Board of Immigration Appeals.

6